LUCILLE DEVINE, AN INFANT, BY HER NEXT FRIEND, THOMAS D. DEVINE, AND THOMAS D. DEVINE, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. JOSEPH HEINRICH, DEFENDANT-APPELLANT.

THOMAS J. REILLY, PLAINTIFF-RESPONDENT, v. JOSEPH HEINRICH, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Frank G. Turner*.

For the respondents, *Joseph C. Paul*.

The opinion of the court was delivered by

TRENCHARD, J. These are appeals of the defendant below from judgments entered upon verdicts for the plaintiffs, the cases having been tried and argued together.

On May 11th, 1930, the plaintiff Lucille Devine, an infant, and the plaintiff Thomas J. Reilly were riding in the automobile owned and driven by the defendant, Joseph Heinrich. They were coming from a dance. Heinrich drove his car west on Eighteenth avenue, approaching the intersection of Boyd street, in Newark, past a standing trolley car, when his car collided with another car coming north on Boyd street, and the two plaintiffs were injured.

The defendant first contends that the trial court erroneously refused to grant a nonsuit in favor of defendant and against Lucille Devine on the grounds (1) that the plaintiff was not an invitee in the automobile of the defendant, and (2) that the defendant was not negligent.

We think that the question whether or not the plaintiff Lucille Devine was an invitee, as well as the plaintiff Reilly, was properly submitted to the jury.

The evidence was to the effect that she had been to a dance escorted by her friend, Thomas Reilly, the other plaintiff. He testified: "Q. Tell us how you came to be in the car on that day in question? A. Well, about two or three weeks before the accident happened, Joe asked me if I wanted to buy two tickets to his dance. He said, 'are you coming to my dance?' I said, 'I guess so.' He said, 'all right, I'll pick you up.' So on that night he came to my house about eight o'clock and picked me up and went on to Lucille's house and picked her up and from there went up to Joe's girl friend's house and picked her up and went down to the dance. Q. Where was the dance? A. Down at Simonson's on Broad street. Q. After the dance what did you do? A. After the dance we got in the car and were going to go home. Q. Who was in the car? A. Joe Heinrich, Joe's girl friend, Lucille Devine and myself. * * * Q. Tell us how Miss Devine came to be in the car? A. Well, about two weeks before the accident Joe said, 'are you going to our dance?' I said, 'yes,'

so he said, 'who are you bringing?' I said, 'Lou, I guess.' Q. You mean by 'Lou' Lucille? A. Yes. He said, 'all right. I'll pick you up.'"

The person referred to as "Joe" is the defendant in this case. It will be noted that defendant asked plaintiff Reilly to buy two tickets and ascertained that he would bring Lucille, and then said, "all right, I'll pick you up." Pick who up? It is obvious from the fact that two tickets were sold and that they were going to a dance, that it was open to the jury to find that the defendant had in mind Reilly's girl companion, as well as Reilly himself, when he extended the invitation.

It further appeared that when the party, consisting of defendant and his girl companion and Reilly and Lucille, left the dance together, they entered the defendant's car again to return home, in the course of which ride the accident occurred.

We think the court properly left the question of invitation to the jury.

Also, we think that the question whether or not the defendant was negligent was properly submitted to the jury.

The testimony tended to show that, as defendant was driving towards home, a trolley car was standing on Eighteenth avenue, hard by the near crosswalk of the Boyd street intersection, with the door open receiving a passenger; that to the right there was "about room for one car to pass between the trolley and the curb," that the defendant drove his automobile, in which the plaintiffs were riding, "quite fast," and without stopping, past the right-hand side of that trolley car which obstructed his view to the left, out into the intersecting street, where it collided with another automobile coming from his left on the intersecting street, just as defendant's automobile was about seven feet from that crosswalk and when the rear thereof was about opposite the motorman of the trolley car. It was therefore open to the jury to find the defendant negligent.

In view of the evidence respecting invitation to both plaintiffs, and the evidence respecting the negligence of the de-

fendant, it is apparent that the trial judge did not err, as defendant contends, in refusing to direct a verdict for the defendant on the questions of invitation and negligence.

These observations in effect dispose of every question raised and argued, excepting those relating to the exclusion of three questions put by the defendant to one of his witnesses. With respect to these it is sufficient to say that the questions related to immaterial matters, and certainly their exclusion cannot lead to a reversal.

The judgments below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.